# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| MARCISO NAVA VALDEZ, ) | |
| ) | Case Nos. 1:12-cr-116, 1:15-cr-152 |
| *Petitioner*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES, ) | |
| ) | |
| *Respondent*. ) | |

## MEMORANDUM OPINION

In April 2013, a jury convicted Petitioner Marciso Valdez of conspiring to distribute and possess with intent to distribute at least five kilograms of cocaine under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846 [Doc. 152]. The district judge sentenced Valdez to 240 months' imprisonment, ten years of supervised release, and a $100 special assessment [Doc. 202]. Upon Valdez's direct appeal, the Sixth Circuit affirmed the judgment on June 3, 2015 [Doc. 223]. Two weeks after that judgment was entered, Valdez filed the present Motion to Vacate under 28 U.S.C. § 2255 on June 17, 2015 [Doc. 227].[1] In his Motion, Valdez alleged that the Court erred in denying his motion for a judgment of acquittal because he claims that he was only guilty of "driving [his] cousin" and never knew about any drugs [*Id.* at PageID #: 846-47]. Valdez also contends that his lawyer was constitutionally ineffective for failing to negotiate a plea on his behalf and for misinforming him about the effect his prior California conviction would have on

---

[1] All citations to the district-court record are to 1:12-cr-116, which is the underlying criminal case.

his sentence [*Id.* at PageID #: 947]. For the reasons that follow, the Court finds an evidentiary hearing is not necessary, and Valdez's § 2255 Motion [Doc. 227] shall be **DENIED**.

I.  LAW AND ANALYSIS

   A.  Standard for relief under Section 2255

A prisoner who seeks to vacate his sentence under § 2255 must show that the sentence imposed by the court violated the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

But non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). In fact, a petitioner can prevail alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

In general, claims not raised on direct appeal are procedurally defaulted and may not be considered on collateral review unless the petitioner shows either (1) "cause" and "actual prejudice"; or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621–22 (1998); *United States v. Frady*, 456 U.S. 152, 167–68 (1982). But an ineffective-assistance-of-counsel claim is not subject to the procedural-

2

default rule and is thus proper in a § 2255 collateral proceeding. *Massaro*, 538 U.S. at 504.
Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts requires courts to dismiss a § 2255 motion if "it plainly appears from the face of the motion, the attached exhibits, and the record of the prior proceedings that the movant is not entitled to relief." *See also Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) ("A motion to vacate sentence under § 2255 can be denied for the reason that it states 'only bald legal conclusions with no supporting factual allegations.'") (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963)).

If Rule 4(b) does not mandate dismissal of the motion, Rule 8 requires courts to examine the record and determine the necessity of an evidentiary hearing. If a petitioner presents a factual dispute, "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not necessary "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine*, 488 F.3d at 333 (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

**B.    Petitioner must satisfy both prongs of the *Strickland* test to obtain relief for ineffective assistance of counsel under § 2255.**

Ineffective assistance of counsel is a recognized constitutional violation that, when adequately shown, warrants relief under § 2255. The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel raised pursuant to 28 U.S.C. § 2255. *Id.* at 687; *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). Under this test, to demonstrate a violation of the Sixth Amendment right to effective assistance of counsel, "a defendant must establish that his attorney's performance was deficient

and that the deficient performance prejudiced the defense." *Huff*, 734 F.3d at 606 (citing *Strickland*, 466 U.S. at 687).

The first prong of the *Strickland* test requires a petitioner to show his attorney's performance was deficient by demonstrating that counsel's "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Stated another way, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. The Supreme Court "has declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Huff*, 734 F.3d at 606 (alterations in original) (quoting *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)). A reviewing court must be "highly deferential" to counsel's performance, because

> [a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound . . . strategy."

*Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). Even if a petitioner is successful in overcoming that presumption, he must still satisfy the second prong of the *Strickland* test, *i.e.*, prejudice. Thus, a petitioner must show not only that his counsel's representation was objectively unreasonable, but also that he was prejudiced by counsel's deficiency because there exists "a reasonable probability that, but for counsel's

4

unprofessional errors, the result of the proceeding would have been different." *McPhearson v. United States*, 675 F.3d 553, 563 (6th Cir. 2012) (quoting *Strickland*, 466 U.S. at 694).

Although the *Strickland* Court emphasized that both prongs must be established in order for the petitioner to meet his burden, it held there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry. *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

### C. Valdez may not use a § 2255 motion to re-litigate an issue already decided on direct appeal.

Valdez first contends that the trial court erred in failing to grant his "motion for judgment and acquittal. . . ." [Doc. 227 at PageID #: 946]. As the basis for his claim, Valdez contends that he was only guilty of "driving [his] cousin," and never knew about any drugs [*Id.*]. In fact, Valdez claims that his cousin "lied to [him] twice about asking [him] to give him a ride and both times he never mentioned anything about any [d]rugs." *Id.*

At trial, Valdez was found guilty of conspiracy to distribute five kilograms or more of a mixture and substance containing cocaine under 21 U.S.C. § 846 as the "[G]overnment presented evidence to show that Valdez was present at [ ] two meetings that were supposed to result in the purchase of large quantities of cocaine." *United States v. Valdez*, 611 F. App'x 330, 334 (6th Cir. 2015). To prove conspiracy, the Government must prove beyond a reasonable doubt "(1) an agreement to violate drug laws, (2) knowledge and intent to join the conspiracy, and (3) participation in the conspiracy." *United States v. Gibbs*, 182 F.3d 408, 420 (6th Cir. 1999). Valdez was first identified as being in a Toyota Camry at one meeting. *Id.* The "Camry was parked near [a Chevrolet] Camaro—which was associated with the leader of the conspiracy. . .

5

Gonzalez—at a BB&T bank shortly before Gonzalez met with [the undercover officer] to negotiate a cocaine transaction." *Id*. Later, "after the transaction failed, the same Camaro [ ] associated with Gonzalez and the same Camry associated with Valdez stopped at a gas station where an agent saw a group of Hispanic individuals talking." *Id.* at 334-35. The Sixth Circuit held on appeal that a reasonable juror could infer that Valdez spoke with Gonzalez before and after the failed meeting. *Id.* at 335.

At the second meeting, Valdez drove the Camry. *Id.* Gonzalez told the agent that "she was late for the meeting because 'the other car that was with her was driving slow and taking their time and she was having to tell them where to go and it would not happen again this way.'" *Id.* When the agent and Gonzalez "walked toward Gonzalez's Camaro to retrieve the $75,000 and to transfer the cocaine to the Gonzalez group, Gonzalez confirmed that she wanted the cocaine placed in the Camry." *Id.* The Sixth Circuit opined that a "reasonable juror could conclude that the 'other car' that had caused Gonzalez to be late for the meeting was the Camry and that the driver who was driving like a 'lil grannie' was Valdez." *Id.* The appellate court also held that a "reasonable juror could conclude that Valdez planned to transport the cocaine back to Georgia in the Camry and took directions from Gonzalez." *Id.* Although the court of appeals noted that it was "possible that Valdez did not know that cocaine was going to be placed in the Camry he was driving, the circumstantial evidence makes that hypothesis unlikely." *Id.*

Valdez attempts to utilize his § 2255 motion to contest an issue that was already decided on direct appeal. This Court must reject Valdez's claim because he "cannot use a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal." *Clemons v. United States*, No. 3:01–CV–496, 3:97–CR–16, 2005 WL 2416995, at *2 (E.D. Tenn. Sept. 30, 2005) (citing *DuPont v. United States*, 76 F.3d 108, 110

(6th Cir. 1996)); *accord Lossia v. United States*, No. 04–80422, 2010 WL 3951078, at *4 (E.D. Mich. July 1, 2010). If Valdez disagreed with the Sixth Circuit's decision on direct appeal, he could have pursued *en banc* review or filed a writ of certiorari to seek Supreme Court review. In the absence of such relief, the Sixth Circuit's decision controls. *Darrah v. City of Oak Park*, 255 F.3d 301, 309 (6th Cir. 2001); *Salmi v. Sec'y of HHS*, 774 F.2d 685, 689 (6th Cir. 1985).

      **D.**      **There is no constitutional right to plea bargain.**

Valdez next claims that his attorney was deficient because Valdez "wanted to plead guilty of driving [his] cousin, but [his] attorney could not make that agreement with the AUSA[,] and [he] was forced to go to trial" [Doc. 227 at PageID #: 947]. Valdez's assumption that he had a right to plea bargain is misplaced. There is "no constitutional right to plea bargain" and nothing requires a prosecutor to accept a plea bargain proposal from a defendant that the prosecutor deems unacceptable. *See Weatherford v. Bursey*, 429 U.S. 545, 561 (1977). Since Valdez had no constitutional right to a plea bargain, it follows that his counsel was not constitutionally deficient for allegedly ignoring his request to negotiate a particular plea bargain. *See United States v. Rice*, 607 F.3d 133 (5th Cir. 2010); *United States v. Gonzalez–Vazquez*, 219 F.3d 37, 43 (1st Cir. 2000) ("'there is no constitutional right to plea bargain'") (quoting *Weatherford*, 429 U.S. at 561)); *United States v. Sammons*, 918 F.2d 592 (6th Cir. 1990); *Aguirre v. United States*, 2012 WL 3191958, at *6 (E.D. Tenn. August 02, 2012) (rejecting the claim that § 2255 petitioner's counsel violated the Sixth Amendment by failing to secure a favorable plea bargain).

      **E.**      **There is no proof that Valdez was prejudiced by counsel's trial performance at trial.**

Finally, Valdez asserts that his attorney did "not present any defense for [him]." [Doc. 227 at PageID #: 948]. The record, however, contradicts Valdez's assertions. For instance,

defense counsel argued that Valdez lacked the knowledge and intent to join the conspiracy, stressed that Valdez was not present for the recorded conversations about drugs, and noted that Valdez drove to only two of the four meetings described in the Government's evidence [*See* Docs. 212-15]. But, as the Sixth Circuit held, while the evidence against Valdez ''[wa]s not of the smoking-gun variety, inferential proof may be controlling where the offense charged is so inherently secretive in nature as to permit the marshaling of only circumstantial evidence. This is the norm in drug conspiracy prosecutions . . . .'" *Valdez*, 611 F. App'x at 337 (quoting *United States v. Carrillo–Alvarado*, 558 F. App'x 536, 546 (6th Cir. 2014). Petitioner's claim that his defense attorney failed to defend him at trial is without merit.

## II.    REQUEST FOR EVIDENTIARY HEARING

Upon review of the entire record, the Court finds that an evidentiary hearing is not required, because the record conclusively shows that Valdez is not entitled to relief as a matter of law. *See Bryan v. United States*, 721 F.2d 572, 577 (6th Cir. 1983) (explaining that an evidentiary hearing on motion to vacate sentence is not required to resolve purely legal issues). Valdez's factual allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citations omitted) (internal quotation marks omitted). Valdez's bald assertions and conclusory allegations do not provide sufficient ground to require an evidentiary hearing. *Thomas v. United States*, 849 F.3d 669, 681 (6th Cir. 2017).

## III.    CERTIFICATE OF APPEALABILITY

The Court must consider whether to issue a certificate of appealability ("COA") should Valdez file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c)(1), a petitioner may appeal a final order in a § 2255 case only if he is issued a COA. And a COA will be issued only when the

applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a claim is dismissed on the merits, a petitioner must show that reasonable jurists would find the assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, reasonable jurists would not debate the Court's findings concerning the claims raised by Petitioner and he has failed to make a substantial showing of the denial of a constitutional right. For that reason, the Court will not issue a COA.

## IV. CONCLUSION

For the reasons stated herein, the Court concludes:

1. An evidentiary hearing for this § 2255 motion is not necessary. To the extent Petitioner's 2255 motion requests an evidentiary hearing, such request shall be **DENIED**.

2. Petitioner's 2255 motion as to all grounds shall be **DENIED** and the Court concludes on the basis of the record before it that Petitioner is not entitled to any relief.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

             **/s/** *Travis R. McDonough*
             **TRAVIS R. MCDONOUGH**
             **UNITED STATES DISTRICT JUDGE**